RECEIVED
IN LAKE CHARLES, LA.

OCT - 1 2014

TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | DOCKET NO. 2:11 CR 00106-001 |
| VS. | : | JUDGE MINALDI |
| ROBERT FLOWERS | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Presently before the court is a Motion under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct a Sentence (Rec. Doc. 95) filed by the defendant, Robert Flowers ("Flowers"). The motion has been opposed (Rec. Doc. 107) by the Government and the defendant filed a reply (Rec. Doc. 108). This matter is fully briefed and ready for disposition.

### PROCEDURAL HISTORY[1]

On May 12, 2011, a federal grand jury returned a one-count indictment charging the defendant and others with conspiracy to possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable quantity of methamphetamine and 50 grams or more of actual methamphetamine. (Rec. Doc. 1). On February 7, 2013, pursuant to a written plea agreement, the defendant pleaded guilty to a bill of information charging him with distribution of methamphetamine. (Rec. Docs. 75-77).

On August 21, 2013, he was sentenced to 64 months imprisonment. The indictment was dismissed. (Rec. Doc. 88).

---

[1] As summarized by the Government.

FACTS

The Stipulated Factual Basis provides that the defendant who was residing in Vidor, Texas, was supplying Kimberly Thompson with methamphetamine. Thompson, whose calls to the defendant had been intercepted by law enforcement, "estimated trading approximately 20 firearms to Robert Flowers over the course of the past year for methamphetamine." (Rec. Doc. 80-2).

Law

The defendant asserts several grounds for his §2255 motion:

1) Ineffective assistance of counsel in failing to investigate the terms of a prior plea agreement;

2) Ineffective assistance of counsel and plain error (Rule 52(B)) in that this court allegedly ignored Rule 11 requirements;

3) Double jeopardy and an *Alleyne* violation; and

4) Reversible plain error in the court's accepting the guilty plea without a sufficient factual basis.[2]

LAW

" 'Relief under 28 U.S.C.§ 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice.' "[3]

---

[2] The court notes that the defendant did not file a memorandum of law in support of his motion.

[3] *United States v. Segler,* 37 F.3d 1131, 1133 (5th Cir.1994) (quoting *United States v. Vaughn,* 955 F.2d 367, 368 (5th Cir.1992) (per curiam)).

Collateral review is fundamentally different from and may not replace a direct appeal. *United States v. Frady*, 456 U.S. 152, 102 S.Ct. 1584 (1982); *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir.1991) ( *en banc* ). Thus, even if the issues are constitutional or jurisdictional, the defendant may be procedurally barred from raising them collaterally. A defendant may not raise an "issue [constitutional or jurisdictional in nature] for the first time on collateral review without showing both 'cause' for his procedural default, and 'actual prejudice' resulting from the error." *United States v. Segler*, 37 F.3d 1131, 1133 (5th Cir.1994) (citing *Shaid*, 937 F.2d at 232); *United States v. Walker*, 68 F.3d 931, 934 (5th Cir.1995). Of course, issues raised and disposed of on direct appeal are not subject to further review under section 2255.[4] See *Segler*, 37 F.3d at 1134.

Even if a defendant cannot establish "cause" and "prejudice," he may still be entitled to relief under § 2255 if there is a constitutional error which would result in a complete miscarriage of justice. *Murray v. Carrier*, 477 U.S. 478, 495–6, 106 S.Ct. 2639, 2649 (1986); *Bousley v. United States*, 523 U.S. 614, 620–2, 118 S.Ct. 1604, 1610–1611 (1998); *United States v. Ward*, 55 F.3d 412, 414 (5th Cir.1995); *Shaid*, 937 F.2d at 232; *United States v. Pierce*, 959 F.2d 1297, 1301 (5th Cir.1992); *United States v. Hicks*, 945 F.2d 107, 108 (5th Cir.1991). Such a miscarriage of justice would result if the error caused the defendant to be convicted of a crime of which he is innocent. *Shaid*, 937 F.2d at 232. *United States v. Reynoso* L 949831, 2 -3 (W.D.La., 2013). An error of law does not provide a basis for habeas relief under 28 U.S.C. § 2255 unless it constitutes " 'a fundamental defect which inherently results in a complete miscarriage of justice.' " *United States v. Timmreck*, 441 U.S. 780,

---

[4] In his Reply brief, the defendant reiterates his arguments that his counsel was ineffective for failing to object to a four level enhancement for using or possessing a firearm, for failing to preserve for appeal the assessing of a two level enhancement for possession of a stolen firearm, and for an inaccurate criminal history computation.

3

783, 99 S.Ct. 2085, 2087, 60 L.Ed.2d 634 (1979) (quoting *Hill v. United States*, 368 U.S. 424, 428, 82 S.Ct. 468, 471, 7 L.Ed.2d 417 (1962)).

The defendant asserts that the Government had agreed in October of 2011 not to prosecute him for the methamphetamine offense. Thus, in prosecuting him for that conduct in 2013, the Government breached the plea agreement. He also alleges that he was subject to double jeopardy and an *Alleyne*[5] violation. These arguments should have been raised on direct appeal. They were not and therefore, they are procedurally barred.

The remaining portions of the defendant's arguments assert ineffective assistance of counsel. Evaluating whether counsel was ineffective is subject to the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The test requires first, "a showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment," and second, a showing that the deficient performance so prejudiced the defense that the defendant was deprived of a fair and reasonable trial.[6] The burden that *Strickland* poses on a defendant is severe.[7]

One way to satisfy the deficiency prong of the *Strickland* test is for the defendant to demonstrate that counsel's representation fell below an objective standard of reasonableness as measured by prevailing professional standards.[8] Given the almost infinite variety of trial techniques

---

[5] *Alleyne v. United States*, 570 U.S. ——, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013).

[6] *Uresti v. Lynaugh*, 821 F.2d 1099, 1101 (5th Cir. 1987) (quoting *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064); *United States v. Gibson*, 985 F.2d 212, 215 (5th Cir. 1993).

[7] *Proctor v. Butler*, 831 F.2d 1251, 1255 (5th Cir. 1987).

[8] *Martin v. McCotter*, 798 F.2d 813, 816 (5th Cir. 1986), *cert. den.*, 107 S.Ct. 934, 479 U.S. 1056, 93 L.Ed.2d 985 (1987).

and strategies available to counsel, this court must be careful not to second guess legitimate strategic choices which may now, in retrospect, seem questionable or even unreasonable. The Fifth Circuit has stressed that, "great deference is given to counsel, 'strongly presuming that counsel has exercised reasonable professional judgment.'"[9]

In evaluating counsel's alleged ineffective assistance "[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding."[10] Rather, the defendant must demonstrate a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine such confidence in the outcome.[11]

Flowers must establish that the alleged deficient performance by his counsel prejudiced his defense.[12] He has not succeeded in making this showing.[13] Since the defendant pleaded guilty, all non-jurisdictional defects in the proceedings against the defendant are waived. This waiver includes all claims of ineffective assistance of counsel except insofar as the alleged ineffectiveness relates to the voluntariness of the guilty plea. *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000); *United States v. Smallwood*, 920 F.2d 1231, 1240 (5th Cir. 1991); *Smith v. Estelle*, 711 F.2d 677 (5th Cir. 1983). Regardless of his attorney's performance, "the conviction should be upheld if the plea

---

[9] *Id.* at 816 (quoting *Lockart v. McCotter*, 782 F.2d 1275, 1279 (5th Cir. 1986), *cert. den.*, 479 U.S. 1030, 107 S.Ct. 873, 93 L.Ed.2d 827 (1987)).

[10] *Strickland*, 466 U.S. at 693, 104 S.Ct. at 2067.

[11] *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068.

[12] *Mullins*, 315 F.3d at 456.

[13] *U.S. v. Araujo*, 77 Fed.Appx. 276, 278, 2003 WL 22316865, 1 (5th Cir., 2003).

was voluntary," for if the plea is voluntary, there is no prejudice. *Deville v. Whitley*, 21 F.3d 654, 659 (5th Cir. 1994).

The defendant asserts that the attorney was ineffective for failing to investigate a prior plea agreement and for permitting the Court to accept the involuntary guilty plea. (Grounds One and Two.) Sworn statements in "open court during a plea hearing 'carry a strong presumption of verity.'" *United States v. Martinez-Molina*, 64 F.3d 719, 733 (5th Cir. 1995) (*citing Blackledge v. Allison*, 431 U.S. 63 (1977)); *United States v. Wilkes*, 20 F.3d 651 (5th Cir. 1994); *United States v. Stumpf*, 27 F.2d 1027, 1030 (5th Cir. 1987). The transcript of the guilty plea and the documents filed at the time of the guilty plea establish that the guilty plea was voluntary and that the attorney's actions were effective. Furthermore, by pleading guilty to the bill of information, the defendant avoided the mandatory minimum sentence of ten years that would have been imposed, if he had proceeded to trial and had been convicted of the charges in the indictment. The defendant has not presented any evidence to refute his statements made under oath. The Court asked the defendant "Has anyone promised you anything that's not contained in the plea agreement?" The defendant responded, "No, ma'am." (Sent. Tr. p. 10).

Any documents signed by the defendant at the time of the guilty plea are entitled to "great evidentiary weight." *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994). The defendant signed the plea agreement which provides, "No other agreement, understanding, promise or condition exists, nor will any such agreement, understanding, promise or condition exist unless it is committed to writing in an amended attached to this document and signed by the Defendant, an attorney for the Defendant, and an attorney for the Government." (Rec. Doc. 80). The plea agreement also reads, " I affirm that absolutely no promises, agreements or conditions have been made or entered into in

connection with my decision to plead guilty except those set forth in this plea agreement."(Rec.Doc. 80).

The understanding of maximum penalty and constitutional rights form signed by the defendant provides as follows:

> I further state that my plea in this matter is free and voluntary and
> that it has been made without any threats
> or inducements whatsoever (except the plea agreement) from anyone
> associated with the State or United States Government or my attorney
> and that the only reason I am pleading guilty is that I am in fact guilty
> as charged.

(Rec. Doc. 80-1)

The defendant has not refuted any of these statements. Under oath he never stated that there had been an earlier agreement with the government.

The defendant had been named in an indictment returned by the grand jury on May 12, 2011. (Rec. Doc. 1). As the attorney mentioned at the time of the guilty plea, the defendant pleaded guilty to the bill of information because no amount of drugs was alleged in the bill of information. (Guilty Plea Tr, pp. 2, 5). There was no mention of any agreement concerning another case or indictment.

To establish *Strickland* prejudice a defendant must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." In the context of pleas a defendant must show the outcome of the plea process would have been different with competent advice. *Lafler* at 1384 (citations omitted).

The Federal Rules and Supreme Court precedents give trial courts leeway to accept or reject plea agreements, see Fed. Rule Crim. Proc. 11(c)(3); *Boykin v. Alabama,* 395 U.S. 238, 243-244, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). It can be assumed that in most jurisdictions prosecutors and judges are familiar with the boundaries of acceptable plea bargains and sentences. So in most

instances it should not be difficult to make an objective assessment as to whether or not a particular fact or intervening circumstance would suffice, in the normal course, to cause prosecutorial withdrawal or judicial nonapproval of a plea bargain. The determination that there is or is not a reasonable probability that the outcome of the proceeding would have been different absent counsel's errors can be conducted within that framework. *Frye,* at 1408 -1410.

Flowers has not proven that the his counsel's advice was deficient. The defendant received the benefit by pleading guilty to a Bill of Information rather than indictment, thereby avoiding the mandatory minimum sentence. If Flowers had proceeded to trial rather than pleading guilty, there is a reasonable probability that he would have faced a significantly harsher sentence.

Flowers also argues that his counsel was ineffective for allowing the court to accept the guilty plea without a sufficient factual basis. He argues that he never possessed drugs in Louisiana. His attorney was aware of this argument as he waived venue at the guilty plea in an effort to facilitate a favorable plea.

Accordingly, for the reasons stated herein, the defendant's §2255 Motion will be denied.

Lake Charles, Louisiana, this __1__ day of ~~September~~ October, 2014.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE